Kevin KASPER, Appellant,

v.

The STATE of Texas, Appellee.

No. 54044.

Court of Criminal Appeals of Texas.

March 9, 1977.

Michael R. Gibson, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Thomas C. Roepke, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This is an appeal from an order revoking probation. Appellant was convicted of burglary under the former Penal Code. Punishment was assessed at imprisonment for four years, but upon revocation the court reduced punishment to three years.

Appellant raises four contentions challenging the revocation, but we find fundamental error invalidating the original judgment of conviction.

The indictment charged burglary of a private residence at night, a violation of Article 1391, Vernon's Ann.P.C. (1925). The minimum punishment[1] for that offense

---

1. Trial was before the effective date of the new Code and punishment herein was necessarily assessed under the former Code.

is imprisonment for five years. Article 1391, supra. Appellant waived trial by jury and entered a plea of guilty before the court to ordinary burglary. See Article 1389, Vernon's Ann.P.C. (1925), as amended. The judgment and sentence recite conviction for burglary and show punishment within the range affixed to that offense.

"A conviction for burglary cannot be supported by an indictment charging burglary of a private residence at night." *Bowie v. State*, Tex.Cr.App., 401 S.W.2d 829, 831; *Robinson v. State*, 82 Tex.Cr.R. 570, 200 S.W. 162, 166 (1918).

Because the indictment is insufficient to support the conviction, the judgment is reversed and the cause remanded.