**Ex parte Bobby Dee LUCKY.**

No. 59098.

Court of Criminal Appeals of Texas,
Panel 2.

Oct. 11, 1978.

No appearance for appellant.

No appearance for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

This is an application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.

C.P. Petitioner was convicted in Cause No. 77–356–C in the 54th Judicial District Court of McLennan County under an indictment alleging theft of property having a value of over $20.00 or more but less than $200.00, and further alleging two prior misdemeanor convictions for theft. See V.T.C.A. Penal Code, Sec. 31.03(d)(4)(c). Punishment was assessed at 10 years' confinement in the Department of Corrections.

■ Petitioner filed his application for writ of habeas corpus in the trial court contending that a prior misdemeanor offense of theft used to enhance the instant case to the grade of felony was based upon a fundamentally defective information. An examination of the information [1] in Cause No. 55,553 in the County Court at Law of McLennan County reveals that it is fatally defective because it fails to allege the property was taken "without the owner's effective consent" or the property was "obtained by the petitioner from another, knowing it to be stolen." See V.T.C.A. Penal Code, Sec. 31.03; *Reynolds v. State,* 547 S.W.2d 590 (Tex.Cr.App.1977); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976); *Foster v. State,* 548 S.W.2d 731 (Tex.Cr.App.1977).

This Court has held that a petitioner may attack the enhancement provisions of an indictment by way of a post-conviction writ. *Ex parte Sanford,* 562 S.W.2d 229 (Tex.Cr. App.1977); *Ex parte Rivers,* 559 S.W.2d 659 (Tex.Cr.App.1978).

■ Normally where a conviction relied on for enhancement in a trial before the court is found to be void, there is a remand to the trial court for the reassessment of punishment. An exception to this general rule exists under the circumstances of this case. The petitioner was convicted under the provisions of V.T.C.A. Penal Code, Sec. 31.03(d)(4)(c), where the addition of the prior two theft convictions created a new offense of the grade of felony and

vested the district court with jurisdiction. *Diamond v. State,* 530 S.W.2d 586 (Tex.Cr. App.1975).

The conviction of the trial court in Cause No. 77–356–C is set aside and the indictment is ordered dismissed.

---

1. The information in Cause No. 55,553 filed on November 26, 1974, alleged that the offense occurred on November 21, 1974, and the judg-

ment reflects that appellant entered a plea of guilty before the court on November 5, 1975.