Lorenzo Ervin DANIELS, Appellant,

and

Jerry Sylvester Moore, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 55595 to 55597.

Court of Criminal Appeals of Texas, Panel No. 2.

Nov. 8, 1978.

**22**

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds, Hugh Lucas, Jr., and Stewart C. Robinson, Jr., Asst. Dist. Attys., Dallas, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

Appellants were separately indicted for the offense of aggravated robbery but were convicted in a joint trial before a jury (cause numbers 55,596 and 55,597). Both appellants elected to have punishment assessed by the trial judge and appellant Daniels received a term of 25 years in the Texas Department of Corrections while appellant Moore received a term of twenty years. At the time of the commission of the main offense, appellant Daniels was on probation for a 1974 conviction for the offense of burglary of a habitation (cause number 55,-595). The motion to revoke probation in that cause was heard concurrently with the aggravated robbery trial, with certain portions of the evidence being heard outside of the presence of the jury when they were relevant only to the revocation of probation. At the conclusion of the trial Daniels' probation was revoked on the trial judge's finding that he had violated the terms of his probation by committing the offense of aggravated robbery. The trial judge imposed punishment of five years confinement.

In briefs which are virtually identical, appellants, through separate appointed counsel, raise two grounds of error on appeal: (1) that the trial court erred in denying appellants' motions to suppress evidence seized as the result of an allegedly improper search, and (2) that the trial court erred in refusing to declare a mistrial for improper jury argument by the prosecutor. The sufficiency of the evidence is not challenged.

We do not reach the merits of appellants' first contention. A brief recitation of the pertinent evidence will be necessary to dispose of this ground. Appellants were arrested, along with a third person, in the car of appellant Moore, after a description of the automobile had been broadcast (including license plate number) over the police radio frequency in relation to an aggravated robbery unconnected to the instant offense. As a result of that arrest and a search conducted incident thereto, a toolbox was seen in the trunk of Moore's car and later, while the car was in the police department pound to which it had been removed following the arrest, this toolbox was taken from the car. It was shown to Garney Weemes, the complaining witness in the instant case, and identified by him as one which appellants took from him at gunpoint the night they robbed and abducted him in his pickup truck.

The record in this case reflects that at the time that the State closed its case against each of the appellants appellant Moore made it known to the court that he desired to change his plea to guilty. Because the court would not allow him to change his plea to guilty before the jury and at the same time elect that the court assess punishment, appellant Moore did not change his plea. However, he did take the stand and admit his guilt of the charge against him. Further, he admitted that the toolbox which he had stolen from Weemes was in the trunk of his car at the time he and Daniels were arrested. He denied that his brother and co-defendant, Lorenzo Ervin Daniels, had been with him at the time Weemes was robbed and claimed instead that it had been his other brother, Jeremiah

Daniels, who had assisted him in the commission of that crime. Since appellant Moore admitted in his testimony that he stole the toolbox and that it was in the trunk of his car at the time of his arrest, no error is preserved with respect to the allegedly improper search in which the evidence was seized.[1] *Zabala v. State,* 554 S.W.2d 703 (Tex.Cr.App.1977); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977); and *Warren v. State,* 514 S.W.2d 458 (Tex. Cr.App.1974).

With respect to appellant Daniels, the same result is required by the case of *Zabala v. State,* supra. In that case, it was the testimony of a co-party to the offense which admitted the possession of the evidence in question at the time of the allegedly illegal search. Such testimony was held binding with respect to the non-testifying defendant and any error resulting from the admission of said testimony was held harmless. We further note that in this case the only defensive issue remaining in the case after Moore's testimony was the identity of the second man who robbed Weemes. Moore testified that it was he and his brother Jeremiah. Weemes testified that it had been Moore and Lorenzo Daniels. Evidence that Weemes' toolbox was in the trunk of the car owned and driven by Moore and in which his brother, Lorenzo Daniels, was a passenger four days after the commission of the instant offense is of so little probative value on the issue of identity that we would doubtless hold it to be harmless error even if it had not been admitted by Moore on the stand.

The first ground of error is overruled as to both appellants.

■ In their second ground, appellants complain of the following argument by the prosecutor: "Now it all boils down to the credibility of the witnesses, and we see it too many times I think down here where everyone is putting all the blame on the

juveniles." (The prosecutor's remarks were addressed to appellant Moore's testimony that it had been his juvenile brother Jeremiah Daniels, incarcerated at the Gainesville youth corrections facility at the time of trial, who had been with him at the time of the Weemes robbery, rather than his other brother, appellant Lorenzo Daniels.) Appellant Daniels' objection to this argument as being outside the record was sustained and the jury was instructed to disregard the argument, but the motion for a mistrial was denied. The complained of argument was not so harmful that the trial judge's instruction to the jury that it should disregard same could not cure its harmful effect. *Duffy v. State,* 567 S.W.2d 197 (Tex.Cr.App.1978); *Duncantell v. State,* 563 S.W.2d 252 (Tex.Cr.App.1978); and *McCarty v. State,* 557 S.W.2d 295 (Tex.Cr.App. 1977).

Appellants' second ground of error is overruled.

For the foregoing reasons, appellants' convictions for the offense of aggravated robbery in Cause Nos. 55,596 and 55,597 are affirmed.

■ However, we are confronted with unassigned fundamental error in Cause No. 55,595 in that the indictment for burglary of a habitation under Art. 30.02(a)(1), V.A. P.C. fails to charge an offense and is therefore void. See *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974). The pertinent portion of that instrument reads as follows:

"LORENZO EAVIN DANIELS hereinafter styled Defendant, on or about the 27 day of May in the year of our Lord One Thousand Nine Hundred and 74 in the County and State aforesaid, did unlawfully, then and there, with intent to exercise control over the property of Arma Baker Jeffries, enter a habitation without the effective consent of Arma Baker Jeffries, the said owner, contrary

---

1. Appellant Moore's testimony could not be considered as evidence introduced in an effort to "meet, destroy or explain" the evidence obtained as a result of the allegedly unreasonable search and seizure, and hence, cases such

as *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr. App.1973) and *Hayles v. State,* 507 S.W.2d 213 (Tex.Cr.App.1974) do not mandate a different result.

**24**

to the form of the Statute in such cases made and provided, and against the peace and dignity of the State."

The words "with intent to exercise control over the property of . . . " seem to indicate that this indictment intended to charge burglary under Article 30.02(a)(1), V.A.P.C.[2] In *Ex Parte Cannon*, 546 S.W.2d 266 (Tex.Cr.App.1977), this Court held that a burglary indictment under Art. 30.-02(a)(1), attempting to charge burglary with intent to commit theft or a designated felony, may either use the words "with the intent to commit [theft or the designated felony]" or set out the constituent elements of the theft or felony. See *Vaughn v. State*, 530 S.W.2d 558 (Tex.Cr.App.1976). However, an indictment which does not use the language set out above and which fails to set out all of the elements of theft or the designated felony which the accused intended to commit is fundamentally defective. *Ex parte Cannon*, supra; and see *Davila v. State*, 547 S.W.2d 606 (Tex.Cr.App.1977). As the analysis in the opinions in the *Cannon* case makes clear, the allegation that appellant entered the habitation with the intent "to exercise control over . . . property" is insufficient to allege theft under Article 31.03(a)(2) as it existed prior to the 1975 amendments and at the time of the commission of the offense herein. Such an indictment is insufficient in that it omits to state that the actor intended to deprive the owner of his property and that such action was without the owner's effective consent. *Ex Parte Cannon*, supra (Opinion on Motion for Rehearing); and see *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1977).

A fundamentally defective indictment fails to invoke the jurisdiction of the court and may be noticed or raised at any time, including on appeal from an order revoking probation. *Kasper v. State*, 547 S.W.2d 633 (Tex.Cr.App.1977); *Huggins v. State*, 544 S.W.2d 147 (Tex.Cr.App.1976); and *Standley v. State*, 517 S.W.2d 538 (Tex. Cr.App.1975).

The judgment of the trial court in cause number 55,596 and 55,597 is affirmed. The judgment of the trial court in cause number 55,595 revoking the probation of appellant Daniels is reversed and the indictment is ordered dismissed.

---

2. It is not even arguable that this indictment charges burglary under Art. 30.02(a)(2) (burglary by concealment with intent to commit a felony or theft) or Art. 30.02(a)(3) (burglary by entry, with actual or attempted commission of a felony or theft).