**Robert Earl MOLENDA, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–83–134 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 29, 1984.

Petition for Discretionary Review Granted Oct. 3, 1984.

---

Douglas Barlow, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

In a bench trial, appellant entered a plea of guilty to the offense of attempted burglary of a building. He was found guilty of such offense and his punishment was assessed at confinement for a period of ten years.

Appellant contends the indictment is fundamentally defective "in that the facts alleged do not constitute the offense of attempted burglary."

The indictment returned against appellant alleges:

"[appellant] did then and there attempt to enter a building ... by prying a lock off of a fence surrounding said building with a screwdriver ...."

*TEX. PENAL CODE ANN. § 30.02* (Vernon 1974) defines burglary, inter alia, as:

"(a) A person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or

. . . .

(3) enters a building or habitation and commits or attempts to commit a felony or theft."

*TEX. PENAL CODE ANN., § 15.01* (Vernon Supp. 1982–1983) with reference to criminal attempt, provides:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The gravamen of the offense of burglary is the "entry" into a building. We hold that an attempted burglary of a building, with the required intent, must be an attempt of actual entry into the building. The mere "prying a lock off of a fence surrounding" the building is insufficient to allege an attempt of actual entry into the building.

To illustrate the point, let us assume the proof offered under this particular indictment shows that a building was located in the middle of a 500 acre tract of land, the acreage being completely surrounded by a fence. Assuming, further, that the ac-

cused "pry[ed] a lock off of a fence" and entered upon the premises. It could not be reasonably said that he would be guilty of the offense of burglary. As stated in *Day v. State*, 534 S.W.2d 681 (Tex.Crim.App. 1976), "[t]he cutting and entry through the chain link fence in this case, although in violation of V.T.C.A., Penal Code Sec. 28.-03, Criminal Mischief, in its injury to the owner's interest in the fence, and in violation of V.T.C.A., Penal Code Sec. 30.05, Criminal Trespass, in its injury to the owner's interest in the premises enclosed by the fence, nevertheless was not an entry into a building in violation of V.T.C.A., Penal Code Sec. 30.02 .... If a burglary was committed, it was not until the ... structure was entered." If the offense was committed only when the structure was entered, then an attempted burglary could not have been committed until an attempt was made to actually enter the structure. And yet, in our hypothetical case involving the 500 acre tract, the accused, under the indictment in the case at bar, could have been convicted of the offense of attempted burglary, even though he may not have been within sight of the building.

We hold that the offense of attempted burglary of a building is committed by the act of attempting to enter the building and not by merely "prying a lock off of a fence" which completely surrounded the building. The indictment in the case at bar is insufficient to allege the offense of attempted burglary of a building, and is, therefore, fundamentally defective. In so holding, we are not concerned with the proximity of the fence to the building. The sufficiency of the indictment must be measured by the allegations contained therein and not by the proof offered. *Donald v. State*, 165 Tex.Cr.R. 252, 306 S.W.2d 360 (1957).

The indictment is insufficient to allege the offense of attempted burglary of a building. The judgment of conviction is reversed, and the prosecution *under this indictment* is dismissed.