**Johnny Ray McGINNIS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 429–86.**

Court of Criminal Appeals of Texas, En Banc.

March 9, 1988.

John R. Leigh, Duncanville, Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty. and Mary Jo Kain, Greg Thomas and Jerri Sims, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Appellant was convicted by a jury of felony theft of the third degree under V.T.C.A., Penal Code, § 31.03(d)(4)(C), as amended in 1983.[1] After the jury verdict of guilty the penalty stage of the trial was conducted before the court. The appellant entered a plea of "true" to the paragraph in the indictment alleging a prior felony conviction of burglary of a building. After other evidence and a stipulation of several other convictions the court fixed the punishment for a second degree felony at 10 years' imprisonment. V.T.C.A., Penal Code, § 12.42(a).

V.T.C.A., Penal Code, § 31.03(d)(4)(C), supra, under which appellant was convicted and in effect at the time of the commission of the alleged offense,[2] provided that a theft is a felony of the third degree if the value of the property is less than $750.00 and the accused has been previously convicted two or more times of any grade of theft. See *Diamond v. State*, 530 S.W.2d 586 (Tex.Cr.App.1975). The instant indictment alleged the primary misdemeanor offense as theft of twelve pairs of jeans of the value of at least $200.00 but less than $750.00 on or about October 18, 1984. Two prior misdemeanor convictions were also alleged in the indictment in order to allege a third-degree felony and to confer jurisdiction upon the district court. See said § 31.03(d)(4)(C), supra. The prior burglary conviction was alleged in another paragraph for enhancement of punishment under said § 12.42.[3]

On appeal appellant in two points of error contended there was a fatal variance between the allegations in the indictment and the proof offered. First, he contended that the evidence shows that the information which was the basis of one of the prior misdemeanor convictions alleged was fatally defective and the conviction could not have been valid. Secondly, he contended that therefore the evidence was insufficient to sustain a third-degree felony conviction as alleged in the indictment. As can be seen, both points of error are interwoven. He noted that in attempting to prove the prior misdemeanor theft convictions for jurisdictional purposes the State introduced the felony information which was the basis for the 1977 misdemeanor theft conviction in Cause No. F 77–4136–L in the Criminal District Court No. 5 of Dallas County, that the certified copy of the information introduced is blank in its essential parts and as such does not allege an offense upon which a valid conviction could be based. Without proving both of the two prior theft convictions as alleged, appellant argued the State failed to sustain its burden of proof and his felony conviction under § 31.03(d)(4)(C), supra, must be reversed.

The Court of Appeals in an unpublished opinion found from the record that the information in question was essentially blank and was fundamentally defective to the extent it charged no offense at all and could not serve as the basis for a valid conviction, citing *Daniels v. State*, 573 S.W.2d 21, 24 (Tex.Cr.App.1978), and *Dennis v. State*, 647 S.W.2d 275, 278, 279 (Tex.Cr.App.1983). The court held that such an information and the conviction resulting therefrom could be attacked at any time. Finding the third-degree felony conviction for theft could not be sustained, the Court

---

1. (Acts 1983, 68th Leg., ch. 558, p. 3244, eff. Sept. 1, 1983.)

2. Now see V.T.C.A., Penal Code, § 31.03(e)(4)(C). In 1985 subsection (d) became (e) (Acts 1985, 69th Leg., ch. 599, eff. Sept. 1, 1985).

3. It has been said that the enhancement of punishment under said § 31.03(d)(4)(C) (now § 31.03(e)(4)(C)) is a separate and distinct enhancement provision from those found in § 12.42. See *Rawlings v. State*, 602 S.W.2d 268 (Tex.Cr.App.1980).

of Appeals citing, *Ex parte Lucky*, 571 S.W.2d 913, 941 (Tex.Cr.App.1978), dismissed the original charging indictment drafted under § 31.03(d)(4)(C). *McGinnis v. State* (Tex.App.—Dallas 1986—No. 05–85–00518 CR).

We granted the State's petition for discretionary review to consider the correctness of the holding of the Court of Appeals in light of the sole ground of review that the Court of Appeals erred in applying habeas corpus law on direct appeal without taking into consideration the procedural differences between a direct and collateral attack.

The State concedes that the exhibit introduced into evidence at appellant's trial which contained the judgment and sentence and the information in question were certified copies of those instruments from the prior misdemeanor conviction[4] in Cause No. F 77–04136–L. It acknowledges that blanks in the printed form of the felony information do not appear to have been filled in, and that the name of the defendant, the date and the allegations as to any offense are missing although the information is signed by the district attorney. The State points out the original information was prepared by the use of carbon paper and when photocopied an illegible copy was made. The missing portions of the information were apparently overlooked by the copier, the district clerk who certified the same, the assistant district attorney who introduced the same, the defense trial counsel who did not object and everyone else until different counsel on appeal for the appellant complained in an appellate brief.

The State notes that it filed a motion to supplement the record on appeal by offering to substitute the *original* information from the court's file in cause No. F 77–4136–L which did not contain blanks. The motion was overruled. After the opinion of the Court of Appeals was delivered the State filed a motion for rehearing and a second motion to supplement by again offering to substitute the original informa-

tion and attaching a copy thereof. The Court of Appeals overruled both the second motion to supplement and the motion for rehearing.

The State urges the instant case is a situation where a poor photocopy of an information underlying a prior conviction was introduced into evidence and the single issue presented is the sufficiency of the evidence to support the allegations of both of the prior convictions necessary to elevate the primary theft offense to a third-degree felony and that this is what the appellant alleged in his points of error. The State argues that the Court of Appeals' analysis of what was involved was flawed, that the court applied habeas corpus law on direct appeal, apparently considered that a collateral attack was involved, and erred in dismissing the original charging instrument (indictment).

The State takes the position the evidence of the fingerprint expert that known fingerprints of the appellant were identical to the fingerprints of the defendant in the said prior conviction and the certified copies of the judgment and sentence from the said prior conviction admitted into evidence satisfied its burden of proof as to the allegations in the indictment as to the said prior conviction. The State cites *Tinney v. State*, 578 S.W.2d 137 (Tex.Cr.App.1979). See also *Smith v. State*, 683 S.W.2d 393 (Tex.Cr.App.1984); *Johnson v. State*, 725 S.W.2d 245 (Tex.Cr.App.1987). The State then argues that once the foregoing evidence was introduced the burden of proof then shifted to the appellant who must make an affirmative showing why the prior conviction was void or not legally admissible for the purpose of enhancement of punishment. See *Smith v. State*, supra; *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App. 1983) (opinion on rehearing); *Acosta v. State*, 650 S.W.2d 827 (Tex.Cr.App.1983). The State recognizes, however, that in attempting to satisfy its burden of proof at the guilt stage of the trial as to the prior conviction, it went further than was neces-

---

**4.** The record indicates the felony charged was reduced to a misdemeanor before appellant's plea of guilty.

sary, under the circumstances and the particular allegations, and also introduced a certified copy of the information in question, which was essentially blank as to material requirements. The State notes the absence of an objection by appellant to the information and the fact that he offered no evidence concerning the prior conviction. The State argues the unnecessary introduction did not thus undermine its otherwise prima facie proof. We do not agree.

■ The State itself raised the question of the validity of the prior conviction by the introduction of the photocopy copy of the information, and defeated its otherwise prima facie showing. Since the State failed to make a prima facie showing of the validity of the prior conviction, the burden did not shift to the appellant nor was he obligated to object. The case is simply one of the State's failure to sustain its burden of proof. See and cf. *Jones v. State,* 711 S.W.2d 634, 636 (Tex.Cr.App.1986) (where the State introduced a sentence from a prior conviction which reflected an appeal had been taken and no other evidence of finality of the conviction was shown).

■ *Duplechin v. State,* 652 S.W.2d 957 (Tex.Cr.App.1983), teaches that despite the absence of an objection at trial, defendant could challenge, for the first time on appeal, the validity of an indictment underlying one of the prior convictions used for enhancement purposes.

■ Despite the State's concerns about the Court of Appeals' analysis and approach to appellant's points of error, we conclude that the Court of Appeals reached the right result in reversing the cause, although we do not agree that the charging indictment itself must be dismissed. The Court of Appeals relied upon *Ex parte Lucky,* 571 S.W.2d 913, 914 (Tex.Cr.App. 1978), involving a post-conviction writ of habeas corpus application. There, as here, the information in one of the prior misdemeanor convictions was called into question where the conviction was under § 31.03(d)(4)(C). Finding the information was fundamentally defective, a panel of

this Court set aside the third-degree felony theft conviction, and ordered that felony indictment dismissed. In this later action the panel was in error. In *Lucky,* supra, as in the instant case, the primary misdemeanor offense charged in the indictment was validly established and such charge is not required to be dismissed. Thus, the indictment in the instant case need not be dismissed.[5] The judgment of the Court of Appeals is affirmed, but is accordingly reformed. The cause is remanded to the trial court with instructions to transfer the indictment to the appropriate court with misdemeanor jurisdiction.

■ The State is prohibited from again attempting to use in any fashion the alleged misdemeanor conviction in Cause No. F 77–4136–L for the purpose of enhancing for any purpose the appellant's punishment at any new trial for the primary offense. *Jones,* supra; *Ex parte Gonzales,* 707 S.W.2d 570 (Tex.Cr.App.1986); *Carter v. State,* 676 S.W.2d 353 (Tex.Cr.App.1984); *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr. App.1982). See also *Ex parte Ballard,* 679 S.W.2d 12 (Tex.Cr.App.1984).

CLINTON, Judge, concurring.

Allegations that an accused has previously been convicted two or more times of any grade of offense of theft are *jurisdictional* rather than "special enhancement" averments under V.T.C.A. Penal Code, § 31.03(d)(4)(C) (Acts 1983). *Gant v. State,* 606 S.W.2d 867, 869, n. 2, 871–872 and n. 9 (Tex.Cr.App.1980), *rehearing denied;* see *Turner v. State,* 636 S.W.2d 189 (Tex.Cr. App.1982) (Opinion on rehearing, at 196); see also *Luedke v. State,* 711 S.W.2d 657, 659 (Tex.Cr.App.1986). Thus here, as the Court finds, it is simply a matter of "the State's failure to sustain its burden of proof." Opinion, at 482.

Therefore, the Dallas Court of Appeals correctly reversed the judgment of the trial court. However, it erred in ordering a dismissal of the indictment. The only proper relief is to order entry of a judgment of acquittal of the alleged felony offense of theft.

*Lucky,* supra, is overruled.

---

**5.** To the extent of any conflict with this opinion

Accordingly, insofar as it affirms the judgment of the Dallas Court of Appeals and remands the cause to the trial court, I join the judgment of the Court. However, rather than instruct the trial court to transfer the indictment to a court with misdemeanor jurisdiction, I would order an acquittal of the felony offense alleged in the indictment.

CAMPBELL, J., joins this opinion.