COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-292-CR
  
  
THE 
STATE OF TEXAS                                                                  STATE
  
V.
  
MARK 
THERMANN MACIAS                                                      APPELLEE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        The 
trial court determined that the criminal information charging appellant was 
fundamentally defective because it did not state an offense; therefore, the 
trial court dismissed the case for want of jurisdiction.  The State 
appeals.  See Tex. Code Crim. 
Proc. Ann. art. 44.01(a)(1) (Vernon Supp. 2004-05).  We will affirm.
        The 
State charged appellant Mark Thermann Macias with the offense of driving while 
his license was suspended. See Tex. 
Transp. Code Ann. § 521.457 (Vernon Supp. 2004-05).  The amended 
criminal information in appellant’s case alleged, in pertinent part,
  
[that] MARK THERMANN MACIAS . . . on or about the 21st day of April, A.D. 2002 . 
. . did then and there intentionally or knowingly operate a motor vehicle on a 
highway during a period that the Texas Drivers License of the defendant was 
revoked, cancelled or under suspension pursuant to Chapter 521, Section 521.201, 
Transportation Code.
   
At 
a pretrial hearing, appellant’s counsel argued that section 521.201 does not 
authorize revocation, cancellation, or suspension of a driver’s license.  
See Tex. Transp. Code Ann. 
§ 521.201 (Vernon Supp. 2004-05 ) (“License Ineligibility in 
General”).  Consequently, appellant argued, the information did not state 
an offense, and the court did not have jurisdiction.  The State responded 
by admitting extraneous evidence concerning the reason for suspension of 
appellant’s license.[2]  The trial court 
concluded that because the State alleged the suspension was pursuant to section 
521.201, it would be bound to prove the reason for suspension under that 
statute, and because that section did not authorize suspension of a driver’s 
license, the information was fatally defective because it did not state an 
offense.  Therefore, the court dismissed the case for want of jurisdiction.
        “An 
‘information’ is a written statement filed and presented in behalf of the 
State by the district or county attorney, charging the defendant with an offense 
which may by law be so prosecuted.” Tex. Code Crim. Proc. Ann. art. 21.20 
(Vernon 1989).  A fundamentally defective information fails to invoke the 
court’s jurisdiction. Daniels v. State, 573 S.W.2d 21, 24 (Tex. Crim. 
App. 1978).  An information is fundamentally defective if it fails to state 
an offense against the accused.  Thompson v. State, 697 S.W.2d 413, 
415 (Tex. Crim. App. 1985).
        We 
must construe an information by practical considerations, not technical ones, 
and by reading the information as a whole.  Whetstone v. State, 786 
S.W.2d 361, 364 (Tex. Crim. App. 1990).  When examining an information for 
fundamental error, the test is whether the State’s pleading alleges an offense 
under the law.  Id.; Thompson, 697 S.W.2d at 415.
        A 
criminal information must set forth the offense in plain and intelligible words, 
so that the accused may know the nature of the charge against him and may 
prepare his defense.  Tex. Code 
Crim. Proc. Ann. art. 21.21(7) (Vernon 1989); Sparkman v. State, 
997 S.W.2d 660, 664-65 (Tex. App.—Texarkana 1999, no pet.).  Generally, 
an information is considered sufficient if the State alleges all of the elements 
of the offense that the accused has allegedly committed.  Thompson, 
697 S.W.2d at 415.
        The 
elements of the offense of driving with a suspended license are as follows:
  
(a) A person commits an offense if the person operates a motor vehicle on a 
highway:
 
(1) 
after the person's driver's license has been canceled under this chapter if the 
person does not have a license that was subsequently issued under this chapter;
 
(2) 
during a period that the person's driver's license or privilege is suspended or 
revoked under any law of this state;
 
(3) 
while the person's driver's license is expired if the license expired during a 
period of suspension; or
 
(4) 
after renewal of the person's driver's license has been denied under any law of 
this state, if the person does not have a driver's license subsequently issued 
under this chapter.
 
(b) 
A person commits an offense if the person is the subject of an order issued 
under any law of this state that prohibits the person from obtaining a driver's 
license and the person operates a motor vehicle on a highway.
 
See 
Tex. Transp. Code Ann. § 
521.457(a)-(b) (“Driving While License Invalid”).  But that is not what 
the State charged appellant with. Instead, the information alleged that 
appellant had been operating a motor vehicle during a period when his driver’s 
license had been “revoked, cancelled or under suspension pursuant to 
section 521.201.”  Section 521.201 addresses license ineligibility in 
general and provides as follows:
The 
department may not issue any license to a person who:

  
(1) 
is under 15 years of age;
 
(2) 
is under 18 years of age unless the person complies with the requirements 
imposed by Section 521.204;
 
(3) 
is shown to be addicted to the use of alcohol, a controlled substance, or 
another drug that renders a person incapable of driving;
 
(4) 
holds a driver's license issued by this state or another state or country that 
is revoked, canceled, or under suspension;
 
(5) 
has been determined by a judgment of a court to be totally incapacitated or 
incapacitated to act as the operator of a motor vehicle unless the person has, 
by the date of the license application, been:
 
(A) 
restored to capacity by judicial decree; or
 
(B) 
released from a hospital for the mentally incapacitated on a certificate by the 
superintendent or administrator of the hospital that the person has regained 
capacity;
 
(6) 
the department determines to be afflicted with a mental or physical disability 
or disease that prevents the person from exercising reasonable and ordinary 
control over a motor vehicle while operating the vehicle on a highway, except 
that a person may not be refused a license because of a physical defect if 
common experience shows that the defect does not incapacitate a person from 
safely operating a motor vehicle;
 
(7) 
has been reported by a court under Section 729.003 for failure to appear unless 
the court has filed an additional report on final disposition of the case; or
 
(8) 
has been reported by a court for failure to appear or default in payment of a 
fine for a misdemeanor that is not covered under Subdivision (7) and that is 
punishable by a fine only, including a misdemeanor under a municipal ordinance, 
committed by a person who was under 17 years of age at the time of the alleged 
offense, unless the court has filed an additional report on final disposition of 
the case.
Id. 
§ 521.201.
        We 
conclude that the State failed to allege an offense because the information, 
which charged appellant with operating a motor vehicle during a period when his 
driver’s license had been “revoked, cancelled or under suspension pursuant 
to section 521.201,” tied the charge the State claims it intended to assert 
(driving while license suspended) to the statutory requirements for license 
ineligibility in general.  This created a confusing and unintelligible 
claim that is not an offense for which appellant could be prosecuted.  See 
Tex. Code Crim. Proc. Ann. art. 
21.20, 21.21(7).
        We 
overrule the State’s point on appeal and affirm the trial court’s judgment.
     

                                                          PER 
CURIAM
   
PANEL 
F:   GARDNER, HOLMAN, and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
January 27, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The sufficiency of the information must be measured by the allegations contained 
therein and not by proof offered.  Molenda v. State, 712 S.W.2d 525, 
527 (Tex. App.—Beaumont 1984), aff’d, 715 S.W.2d 651 (Tex. Crim. App. 
1986).