STATE V. MACIAS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-292-CR

THE STATE OF TEXAS STATE

V.

MARK THERMANN MACIAS APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court determined that the criminal information charging appellant was fundamentally defective because it did not state an offense; therefore, the trial court dismissed the case for want of jurisdiction.  The State appeals.  
See 
Tex. Code Crim. Proc. Ann.
 art. 44.01(a)(1) (Vernon Supp.  2004-05).  We will affirm.

The State charged appellant Mark Thermann Macias with the offense of driving while his license was suspended.  
See 
Tex. Transp. Code Ann.
 § 521.457 (Vernon Supp. 2004-05).  The amended criminal information in appellant’s case alleged, in pertinent part, 

[that] MARK THERMANN MACIAS . . . on or about the 21st day of April, A.D. 2002 . . . did then and there intentionally or knowingly operate a motor vehicle on a highway during a period that the Texas Drivers License of the defendant was revoked, cancelled or under suspension pursuant to Chapter 521, Section 521.201, Transportation Code.  

At a pretrial hearing, appellant’s counsel argued that section 521.201 does not authorize revocation, cancellation, or suspension of a driver’s license.  
See 
Tex. Transp. Code Ann.
 § 521.201 (Vernon Supp. 2004-05 ) (“License Ineligibility in General”).  Consequently, appellant argued, the information did not state an offense, and the court did not have jurisdiction.  The State responded by admitting extraneous evidence concerning the reason for suspension of appellant’s license.
(footnote: 2) 
  The trial court concluded that because the State alleged the suspension was pursuant to section 521.201, it would be bound to prove the reason for suspension under that statute, and because that section did not authorize suspension of a driver’s license, the information was fatally defective because it did not state an offense.   Therefore, the court dismissed the case for want of jurisdiction.  

“An ‘information’ is a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted.”  
Tex. Code Crim. Proc. Ann.
 art. 21.20 (Vernon 1989).  A fundamentally defective information fails to invoke the court’s jurisdiction.  
Daniels v. State, 
573 S.W.2d 21, 24 (Tex. Crim. App. 1978).  An information is fundamentally defective if it fails to state an offense against the accused.  
Thompson v. State, 
697 S.W.2d 413, 415 (Tex. Crim. App. 1985).   
 
 

We must construe an information by practical considerations, not technical ones, and by reading the information as a whole.  
Whetstone v. State, 
786 S.W.2d 361, 364 (Tex. Crim. App. 1990).  When examining an information for fundamental error, the test is whether the State’s pleading alleges an offense under the law.  
Id.; Thompson, 
697 S.W.2d at 415. 
 A criminal information must set forth the offense in plain and intelligible words, so that the accused may know the nature of the charge against him and may prepare his defense.  
Tex. Code Crim. Proc. Ann.
 art. 21.21(7) (Vernon 1989); 
Sparkman v. State, 
997 S.W.2d 660, 664-65 (Tex. App.—Texarkana 1999, no pet.).  Generally, an information is considered sufficient if the State alleges all of the elements of the offense that the accused has allegedly committed.  
Thompson, 
697 S.W.2d at 415.   

The elements of the offense of driving with a suspended license are as follows:

 (a) A person commits an offense if the person operates a motor vehicle on a highway:

(1) after the person's driver's license has been canceled under this chapter if the person does not have a license that was subsequently issued under this chapter;

(2) during a period that the person's driver's license or privilege is suspended or revoked under any law of this state;

(3) while the person's driver's license is expired if the license expired during a period of suspension; or

(4) after renewal of the person's driver's license has been denied under any law of this state, if the person does not have a driver's license subsequently issued under this chapter.

(b) A person commits an offense if the person is the subject of an order issued under any law of this state that prohibits the person from obtaining a driver's license and the person operates a motor vehicle on a highway.

See 
Tex. Transp. Code Ann.
 § 521.457(a)-(b) (“Driving While License Invalid”).  But that is not what the State charged appellant with.  Instead, the information alleged that appellant had been operating a motor vehicle during a period when his driver’s license had been “revoked, cancelled or under suspension 
pursuant to section 521.201.” 
  Section 521.201 addresses license ineligibility in general and provides as follows:

The department may not issue any license to a person who:

(1) is under 15 years of age;

(2) is under 18 years of age unless the person complies with the requirements imposed by Section 521.204;

(3) is shown to be addicted to the use of alcohol, a controlled substance, or another drug that renders a person incapable of driving;

(4) holds a driver's license issued by this state or another state or country that is revoked, canceled, or under suspension;

(5) has been determined by a judgment of a court to be totally incapacitated or incapacitated to act as the operator of a motor vehicle unless the person has, by the date of the license application, been:

(A) restored to capacity by judicial decree; or

(B) released from a hospital for the mentally incapacitated on a certificate by the superintendent or administrator of the hospital that the person has regained capacity;

(6) the department determines to be afflicted with a mental or physical disability or disease that prevents the person from exercising reasonable and ordinary control over a motor vehicle while operating the vehicle on a highway, except that a person may not be refused a license because of a physical defect if common experience shows that the defect does not incapacitate a person from safely operating a motor vehicle;

(7) has been reported by a court under Section 729.003 for failure to appear unless the court has filed an additional report on final disposition of the case; or

(8) has been reported by a court for failure to appear or default in payment of a fine for a misdemeanor that is not covered under Subdivision (7) and that is punishable by a fine only, including a misdemeanor under a municipal ordinance, committed by a person who was under 17 years of age at the time of the alleged offense, unless the court has filed an additional report on final disposition of the case. 

Id.
 § 521.201.

We conclude that the State failed to allege an offense because the information, which charged appellant with operating a motor vehicle during a period when his driver’s license had been “revoked, cancelled or under suspension pursuant to section 521.201,” tied the charge the State claims it intended to assert (driving while license suspended) to the statutory requirements for license ineligibility in general.  This created a confusing and unintelligible claim that is not an offense for which appellant could be prosecuted.  
See 
Tex. Code Crim. Proc. Ann.
 art. 21.20, 21.21(7). 

We overrule the State’s point on appeal and affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
The sufficiency of the information must be measured by the allegations contained therein and not by proof offered.  
Molenda v. State, 
712 S.W.2d 525, 527 (Tex. App.—Beaumont 1984), 
aff’d, 
715 S.W.2d 651 (Tex. Crim. App. 1986).