**Keith Alfred BARNES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0478–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 18, 1982.

**140** ■

Jay Burnett, Houston, for appellant.

Winston E. Cochran, Houston, for appellee.

Before SMITH, BASS and DYESS, JJ.

SMITH, Justice.

The appellant was convicted of murder and his punishment assessed at 99 years confinement. He alleges, in five grounds of error, that the trial court erred in admitting the accomplice's testimony, in permitting improper State jury argument, and in admitting into evidence a void pen packet to prove a prior conviction.

The evidence introduced by the State revealed the following sequence of events. On May 3, 1980, Lovie Davis, a co-defendant, gave a ride in her car to the appellant and Lorenzo Harris to the intersection of Cullen and Hull Streets in Houston, Texas. The appellant and Harris entered Bennett's Ice House located at the intersection of Cullen and Crosby Streets, and proceeded to rob a Mr. Thompson who worked at the ice house. Several shots were fired and Mr. Thompson was killed. The appellant and Harris fled and were picked up by Lovie Davis, who drove them to her husband's grandmother's house. When they arrived at the grandmother's house, Lovie's husband, Leroy Davis, gave the two men clean shirts; the two men then left. A .38 caliber pistol which the appellant had left on a bed at the grandmother's house was subsequently sold by Mr. Davis. Mr. Davis later retrieved the gun and turned it over to the police. Tests revealed that this was the gun that had fired the bullets which had killed Mr. Thompson.

The appellant contends in his first two grounds of error that Leroy Davis and his wife Lovie Davis were accomplice witnesses and that his conviction was based solely on the testimony of two accomplice witnesses, with no sufficient corroborative evidence. He further contends that Leroy Davis was an accomplice witness as a matter of law, and that the trial court should have submitted to the jury the question of whether Leroy Davis was an accomplice as a matter of fact. The appellant claims that the .38 caliber pistol was stolen from the deceased, and constituted proceeds from the robbery, thereby making Leroy Davis an accomplice.

■ An accomplice witness is someone who participates before, during, or after the commission of a crime. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). However, *Carrillo* further states that a person is not an accomplice witness if that person cannot be prosecuted for the same offense with which the defendant is charged, nor is he an accomplice witness because he knew of the crime but failed to report it or even concealed it. In *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App.1977), friends of the defendant who had helped the defendant dispose of bloody clothing, clean up blood stains, and helped him weigh down the bodies in a stream, were found not to be accomplices because they could not have been prosecuted for the murders.

■ In this case there is no evidence that Leroy Davis knew the gun was stolen, and there is no evidence upon which he could have been charged with the murder of the deceased. Under these circumstances Mr. Davis was not an accomplice and his testimony was admissible to corroborate his wife's testimony. The appellant's first two grounds of error are overruled.

■ The appellant's third ground of error contends that the following jury argument constituted a comment on the appellant's failure to testify:

According to the law in this particular instance, you only try them one at a time. You can't put all three defendants here and try all three of them together.

Therefore, we try them one at a time. I am telling you this so that you will understand the procedure and so you won't be worrying about whether they got Lorenzo Harris. Lorenzo Harris will be tried for what happened. Lovie Davis will be tried for what happened. Don't worry about those two individuals. They will have their day in court. We can only try one defendant at a time.

As it always follows from that, since all three are charged, I can put on the stand to testify only those people that want to testify of those three. The law says the State cannot call criminal defendants to the stand. Obviously, Lovie Davis was willing, through her lawyer, to testify.

MR. BIRES: I will object to that statement as being a flat statement of what the law is. In some circumstances, the law may prohibit the calling of a criminal defendant to the stand and in others it certainly may allow them.

MR. DODD: I know of not one case, Your Honor, I don't want to argue the law. The point is, I can't call the criminal defendant to the stand. Only because Lovie Davis's lawyer advised her to take the stand, did she take the stand. I cannot call Lorenzo Harris to tell you what happened there. Only if he is willing to testify can he get up there on the stand, or his lawyer is willing.

MR. BIRES: I will object to that. He is outside the record in discussing with the jury matters that are not in evidence.

THE COURT: Well, he is arguing his case, counsel. Go ahead with your argument.

MR. DODD: I wanted to set that out so that you will understand the situation that we are in.

It is the appellant's contention that this argument is a direct reference to the appellant's failure to testify. The State contends that the above argument was not a comment on the appellant's failure to testify, but was merely making the point that Lorenzo Harris was not available as a prosecution witness because he was a codefendant. The Texas Court of Criminal Appeals in *Nowlin v. State,* 507 S.W.2d 534 (Tex.Cr. App.1974) set forth guidelines to determine whether prosecutorial argument will constitute a comment on the failure of the appellant to testify. The court stated as follows:

The rule is well established by this Court that before an argument of the prosecution will constitute a comment on the failure of the appellant to testify, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the appellant must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion...

Where there is other possible evidence than the appellant's testimony, as in this case, to which the remarks may reasonably have applied, then under the above cited authorities it is not improper. We cannot conclude the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the defendant to testify.

We are of the opinion that the remarks alluded to may have reasonably been applied to the inability of the State to call Harris as a prosecution witness, and that the State's argument was not of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the appellant to testify. The appellant's third ground of error is overruled.

In his fourth ground of error the appellant contends that the following jury argument made by the State attacked the defense counsel and introduced the prosecutor's personal opinion of the appellant's guilt:

MR. DODD: You have an obligation and a sworn duty to a true verdict render according to the law and the evidence in this case. I brought you each piece of evidence that I could think of surrounding the facts and circumstances, since nobody was in there to tell you exactly what happened. Everything points to this man. This man was the one.

He says there is no physical evidence. This is the gun that killed Mr. Thompson. This gun was dropped by this man at Leroy Davis's grandfather's house.

MR. BIRES: That is accomplice testimony.

MR. DODD: He can't sit down because his man is guilty. That is why.

MR. BIRES: I will object to that, too.

The appellant did not further request a ruling on his objection. Absent an adverse ruling, no error is shown. *Johnson v. State*, 604 S.W.2d 128 (Tex.Cr.App.1980); *Plunkett v. State*, 580 S.W.2d 815 (Tex.Cr.App. 1979).

■ Under this same ground of error, the appellant contends that the following argument was an attack on the appellant through his defense counsel, and raises a strong inference that, because of defense counsel's actions, the State was prohibited from presenting all the facts of the case:

MR. DODD: He would be an incompetent lawyer, which he is not, if he didn't do that—if there was anything in that statement that didn't tell you exactly what she said on the stand. He didn't do that. I offered the statement but he didn't want them in evidence. So, he attacks the testimony of Lovie Davis, but he didn't want you to find out what she said on the 13th.

MR. BIRES: I will object to the argument as being grossly improper.

THE COURT: Yes. Stay in the record.

MR. BIRES: I ask that you instruct the jury to disregard that line of argument.

THE COURT: The jury will disregard it.

The appellant received all the relief he requested of the trial court. He did not request a mistrial, and where no further relief is requested, no error is presented for review. *Moffett v. State*, 555 S.W.2d 437 (Tex.Cr.App.1977).

■ The appellant's last ground of error alleges that a pen packet was introduced into evidence to prove a prior convic-

tion of the appellant, that such admission should not have been granted as the pen packet contained a void judgment and sentence. The appellant objected to the pen packet's introduction claiming that two defects existed. First, he alleges the judgment and sentence incorrectly referred to a burglary of a building as a first degree felony; and secondly, he states the sentence showed that the appellant received, "not less than five years nor more than five years." Notwithstanding the appellant's objection, the court permitted the introduction of the pen packet into evidence, noting that the appellant had filed a waiver of appeal in the prior case, but had the appellant appealed, the Court of Criminal Appeals would have merely corrected and reformed the judgment, thereby eliminating the two clerical errors.

An error in reciting the minimum punishment in a sentence does not render the sentence void, and an irregularity which may be reformed on appeal does not make a sentence void, and cannot be collaterally attacked. *Bowles v. State*, 550 S.W.2d 84 (Tex.Cr.App.1977). The two errors in the judgment to which the appellant alludes are clerical errors, and as such could have been corrected had the appellant appealed the prior case. He did not appeal, and he may not now raise by collateral attack a clerical error in a prior judgment. *Galloway v. State*, 578 S.W.2d 142 (Tex.Cr.App.1979).

The appellant's fifth ground of error is overruled and the judgment of the trial court is affirmed.