Virgil PRESTON, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–304–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 23, 1984.

Shirley Ehrlich, San Antonio, for appellant.

Edward Shaughnessy, III, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before BISSETT and GONZALEZ, JJ.

OPINION

BISSETT, Justice.

This is an appeal from a conviction for the offense of burglary of a building. A jury found appellant guilty of the offense and further found both enhancing para-

graphs of the indictment to be true. Thereafter, appellant was sentenced as an habitual felony offender to a term of confinement in the Texas Department of Corrections for life. At a hearing on his motion for new trial, the court initially stated that it would grant appellant's motion for new trial. However, after hearing argument, it decided to reconsider the motion. At a subsequent hearing the court denied appellant's motion for new trial. Appellant now brings forward six grounds of error. We affirm.

Appellant's conviction is based upon circumstantial evidence. The court's charge to the jury contained both an instruction on circumstantial evidence and on parties. In his fifth ground of error appellant challenges the sufficiency of the evidence to support the conviction. We address this contention at the outset.

■ The standard of review in a conviction based upon circumstantial evidence is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Wilson v. State*, 654 S.W.2d 465 (Tex.Cr.App.1983) (Opinion on State's Motion For Rehearing). Here, the record shows that on June 17, 1981, two black males were seen in a hallway of the El Montan Motel with a television in their hands. When the men were confronted in the hallway by a motel employee, they dropped the television and fled. Appellant and another black male were subsequently apprehended and charged with the burglary.

Bill Keefe, a desk clerk at the El Montan Motel in San Antonio on June 17, 1981, testified that at about 3:00, that day, an alarm went off in room 119 of the motel. The rooms were equipped with a system which activated an alarm at the front desk when a cord to one of the room's television sets was cut or pulled away. Keefe proceeded to the room and encountered "two colored people, men, one of them in front, one of them in back and the TV set right in-between them." The men dropped the set and fled. One of the men got into "a heavy car, either a Cadillac or a Buick."

Keefe identified appellant as looking similar to the man that got into the car. The car's license number was "LA–518." In driving away, the man first drove the car into a fence. Keefe was unable to positively identify appellant as one of the men in the hallway with the television set but he stated that appellant was "[v]ery similar and I could not swear exactly. I mean, that is the same man but he looks exactly—I mean quite a bit like him." Keefe described the other black male as carrying a crowbar. To Keefe's knowledge, appellant had never been registered as a guest at the hotel.

Keefe further testified that when he returned to room 119 he observed that "the television was missing and there was quite a—well, in the wall you could see where it had been pried loose or pulled away." "The door [to the room] was pulled off and set aside leaning up against the wall." "It was off the hinges and away from the casing."

Jackson Chen, whose parents own the El Montan Motel, testified that on June 17, 1981, at around 3:00 in the afternoon he "heard a car hit our fence real hard." He went outside and "saw this car trying to turn himself so he can go out and he made a return and then pulled forward again. That's when I saw his license plate." The license plate number was "LA–518." He could not identify the driver of the vehicle, other than that he was a "black male." The car went forward and down the street where it stopped to pick up a man carrying a crowbar.

David Tsua Whei Chen testified that he was the owner of the El Montan Motel. He further testified that he did not know appellant nor had he ever seen him before. He stated that he did not give either appellant "or a Mr. Word" permission to enter room 119 on June 17, 1981.

Officer Robert Glenn of the San Antonio Police Department testified that on June 22, 1981, he attempted to stop a blue and white Buick with the license number "LA–518." The vehicle attempted to flee but was subsequently stopped and the occu-

pants detained. Appellant was driving the vehicle and an Edward Ward was a passenger in it. Both were arrested.

Through the testimony of James Heckman, a fingerprint examiner for the San Antonio Police Department, and Detective Raymond Wilson, it was established that appellant's fingerprints were found on both the inside and the outside of the room's door, near the door's hinges. A fingerprint of an Edward Word was found on the television set.

■ Taken as a whole, the evidence shows that: 1) a man looking very similar to appellant was involved in a burglary at the El Montan Motel; 2) appellant's fingerprints were found near the hinges of the door of the motel room, the door having been removed from its hinges; 3) appellant and another male were apprehended in a vehicle bearing the license number of the vehicle seen leaving the motel after the burglary; 4) the fingerprint of the second male was found on the television set removed from the room; 5) the vehicle appellant was apprehended in, and which appellant was driving, attempted to flee when the police tried to stop it; 6) appellant did not have permission from the owner to enter the motel room on the day of the robbery. Taken as a whole we find the evidence sufficient to support appellant's conviction. See *Phipps v. State*, 630 S.W.2d 942 (Tex.Cr.App.1982); *Phelps v. State*, 594 S.W.2d 434 (Tex.Cr.App.1980); *O'Dell v. State*, 467 S.W.2d 444 (Tex.Cr.App.1971). Appellant's fifth ground of error is overruled.

. We necessarily find the evidence sufficient to support a finding that appellant entered the motel with the specific intent to commit theft, [*Ortega v. State*, 626 S.W.2d 746 (Tex.Cr.App.1982)], and that the motel room was not then open to the public. *Williams v. State*, 537 S.W.2d 936; see *Ellett v. State*, 607 S.W.2d 545 (Tex.Cr.App.1980). Appellant's third and fourth grounds of error are overruled.

Appellant contends in his first ground of error that the trial court erred in allowing the jury to use a constitutionally void prior conviction for enhancement purposes. Specifically, appellant complains that since his December 7, 1964, conviction for assault with intent to commit murder with malice fails to reflect that at sentencing appellant was represented with counsel, this conviction cannot be used for enhancement. Appellant testified that: 1) when he pled guilty, he did so without a lawyer; 2) when sentence was pronounced only his "mother and auntie" were present. He also testified that: 1) when sentence was pronounced there were "witnesses there, people sitting out here in the audience"; and 2) he did not remember who was there representing the State.

■ The judgment reflects that counsel was present with the appellant on December 7, 1964, when he pled guilty to a charge of "assault with intent to commit murder with malice." The sentence, while silent as to counsel's presence, reflects that the appellant waived the time for sentencing and proceeded to that phase on the same day, December 7, 1964. Reading both documents together, we find the recitals sufficient to establish that appellant was represented by counsel throughout the proceeding and that the evidence of prior valid conviction was sufficient. See *Lopez v. State*, 574 S.W.2d 563 (Tex.Cr.App.1978). Appellant's first ground of error is overruled.

In his second ground of error, appellant also attacks the use of a prior conviction for enhancement purposes. The indictment alleged that appellant was previously convicted of felony theft of a truck, specifying the date of conviction, county, trial court and cause number. The prior offense occurred in 1977 and resulted in a conviction in 1978, after the effective date of the current Texas Penal Code. Appellant challenges the denomination of the prior offense as theft of a truck, contending that no such offense exists under the Penal Code.

■ All that appears in the record is the prior judgment and sentence reflecting felony theft of a truck. These were con-

tained in the penitentiary packet offered by the State. While the prior indictment is a desirable item of documentary evidence, the judgment and sentence properly linked to appellant and meeting the pleading and statutory requirements are sufficient to establish a prima facie case for the State. *Tinney v. State,* 578 S.W.2d 137 (Tex.Cr. App.1979). Appellant has posed a collateral attack on the prior conviction. Consequently he bears the burden of proof that the conviction was void and not merely voidable. *Ex parte Guzman,* 589 S.W.2d 461 (Tex.Cr.App.1979); *Moore v. State,* 629 S.W.2d 266 (Tex.App.—Dallas 1982, no (pet.)); *see Galloway v. State,* 578 S.W.2d 142 (Tex.Cr.App.1979). An error in a judgment or sentence, which is subject to reformation, does not render the conviction void, is not susceptible to collateral attack, and will not vitiate use of the conviction for enhancement purposes. If the original indictment alleged only theft of a truck, we would be confronted with a fundamentally defective charging instrument and a void conviction. On the other hand, if the indictment properly alleged a theft of property, to wit: a truck, of a value within defined Penal Code offense ranges, then we would merely be confronted with a judgment and sentence susceptible to reformation. See: *Schultz v. State,* 510 S.W.2d 940, 944 (Tex.Cr.App.1974); *Stephens v. State,* 274 S.W.2d 829 (Tex.Cr.App.1955). The indictment is not before us. Appellant has failed to discharge his burden of demonstrating a void conviction. Appellant's second ground of error is overruled.

In his sixth ground of error, appellant contends that the trial court erred in denying appellant's motion for new trial after already granting the same. The following discussion took place regarding the granting of a new trial in this cause:

"THE COURT: Do you recall this case?
MR. STEINHAUSER: Yes, sir.
THE COURT: Okay. The defendant has filed ⸼ Motion for New Trial, it is out of time but inasmuch as there has been a death in the attorney's family, the Court is going to permit her—give her leave to file Motion for New Trial. Notwith-

standing the fact that 30 days has elapsed, the Court recalls the evidence as the jury heard it in this case. And it's the Court's opinion based upon that evidence that I heard, that—this is the case where the television was missing, fingerprint on the door.
MS. EHRLICH: On the door. No eyewitness who could identify the defendant or could even adequately describe—
THE COURT: He is set for trial this week.
MS. EHRLICH: Monday morning.
THE COURT: On another Case.
MS. EHRLICH: On two other cases.
THE COURT: Are you all ready to proceed on the Monday case?
MR. STEINHAUSER: Yes, Your Honor.
THE COURT: I'm going to grant the defendant's Motion for New Trial in 81–CR–2442–A.
MR. STEINHAUSER: On what basis?
THE COURT: On insufficiency.
MR. STEINHAUSER: Your Honor, let me argue the point...."

After argument was presented on the motion the following discussion occurred:

"THE COURT: I'll tell you what I'm going to do: I'm going to allow you to file your Motion for New Trial, I'm going to take this into consideration and reconsider that evidence as I recollect it and—
MR. STEINHAUSER: Well, Your Honor, let me interject here. Then the Motion for New Trial there is no—there is nothing stated that there is insufficiency of the evidence.
THE COURT: In the third paragraph, more over, there is no evidence to support the essential elements of the offense.
MR. STEINHAUSER: What third paragraph?
THE COURT: It's not stated in terms that there is insufficient evidence. She went so far as to say there is no evidence which is a little bit heavier than insufficient evidence.
MR. STEINHAUSER: Okay.

THE COURT: But in any event, go ahead and file your motion. I will have this resolved next Friday."

On January 15, 1982, another hearing took place and again argument was presented on appellant's Motion for New Trial. At this hearing the trial court denied both appellant's motion for new trial and his amended motion for new trial. A written order to the effect was entered the same day.

We disagree with the State's position that the trial court: 1) did not intend to grant appellant's motion for new trial, but only intended to allow the motion to be filed out of time for consideration at a later date; 2) acted prior to any motion for new trial being filed in the cause. However, we do not find that either of those determinations are controlling under the facts presented.

 We think that it is clear from the record that when the trial court stated it was granting appellant's motion for new trial, that is exactly what it intended to do *at that time.* However upon hearing argument, reviewing the evidence and upon further consideration, it decided that appellant's motions should be denied. Only an order denying these motions was transcribed and entered into the record. We find this order to be controlling.[1] We further find that the trial court did not abuse its discretion in denying appellant's motions for new trial. Appellant's sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.

UTTER, J., not participating.

---

1. We have examined *Matthews v. State,* 50 S.W. 368 (Tex.Cr.App.1899), in which the court concluded that a trial court has no authority to set aside an order granting a defendant a new trial and find it not to be controlling. *See also* the Court's discussion of *Matthews* in *English v. State,* 592 S.W.2d 949 (Tex.Cr.App.1980). In both *Matthews* and in *English* a written order granting a new trial had been entered. Here, no corresponding order was ever entered. While we are unable to find any criminal cases dealing with the issue presented today, we are inclined to follow the reasoning set forth in *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980), that "[w]hen there is a time limit within which the court has jurisdiction to act, the order must be in writing, specific, and signed by the trial judge." *See McCormack v. Guillot,* 597 S.W.2d 345 (Tex.1980). TEX.CODE CRIM.PROC.ANN. art. 40.05(c) (Vernon 1982–83), provides that:

   "(c) In the event an original or amended motion for new trial is not determined *by written order* signed *within 75 days* after the date the sentence is imposed or suspended in open court, it shall be considered overruled by operation of law on expiration of that period." [emphasis added].

   We conclude that any order granting appellant's motions for new trial had to be in writing.