James L. WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–98–420 CR.

Court of Appeals of Texas, Beaumont.

Submitted June 15, 1999.

Decided Aug. 25, 1999.

Douglas M. Barlow, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Rodney D. Conerly, Asst. Crim. Dist. Atty., Beaumont, for state.

Before WALKER, C.J., BURGESS, and STOVER, JJ.

## OPINION

EARL B. STOVER, Justice.

A jury found James L. Williams guilty of the offense of Burglary of a Building. Punishment, enhanced by prior felony convictions, was assessed by the trial court at twelve years confinement in the Institutional Division of the Texas Department of Criminal Justice. Williams brings one issue for review on appeal; he argues the evidence fails to establish an entry into the subject building and, as such, is legally insufficient to support the conviction of burglary.

In reviewing the sufficiency of the evidence, we determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); *Rabbani v. State,* 847 S.W.2d 555, 558 (Tex.Crim.App.1992). This standard of review remains the same for both direct and circumstantial evidence cases. *See Geesa v. State,* 820 S.W.2d 154, 159–61 (Tex.Crim.App.1991). "Burglarious entry may be shown by circumstantial evidence." *Gilbertson v. State,* 563 S.W.2d 606, 608 (Tex.Crim.App.1978); *Alexander v. State,* 873 S.W.2d 793, 795 (Tex.App.—Beaumont 1994, pet ref'd).

On May 16, 1997, at approximately midnight, John Barney, who was inside his home, heard a noise coming from his detached garage. The noise sounded "like a thumping noise like somebody kicked the garage door." Barney waited for approximately one minute and then walked outside. He discovered the door to his vehicle, which was parked by the garage, was open. At that time, he did not see anyone present. He went back into his house, retrieved a shotgun, and walked back outside. He testified this took him less than thirty seconds. As he was walking back outside, he saw Williams, approximately two feet from the door of the garage, walking away from the garage. Williams told Barney "that he was there with a friend looking for a lawn mower." Barney detained Williams until the police arrived.

Barney found the door of the garage, which is normally secured with a padlock and not open to the public, was not secure and the door frame where the hasp of the lock was attached was broken. He testified that the garage had been entered and that Williams had "forced his way in." Barney testified he did not give Williams consent to go into the garage to retrieve

the lawn mower. He stated he never saw Williams inside the garage, but only walking away from the garage door. He conceded it was possible that Williams had never been inside the garage. Nothing was found to be missing from the garage or the car.

█ In a prosecution for burglary of a habitation or building, "an essential element of the offense is that the accused entered the habitation, absent an issue involving parties." *Rogers v. State*, 929 S.W.2d 103, 107–8 (Tex.App.—Beaumont 1996, no pet.). TEX. PEN.CODE ANN. § 30.02 (Vernon 1994) provides that a person commits an offense if, without the effective consent of the owner, "he enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft." The term "enter" is defined as an intrusion of "any part of the body," or "any physical object connected with the body." TEX. PEN.CODE ANN. § 30.02(b)(1) and (2) (Vernon 1994).

█ Williams argues the record is devoid of any evidence to establish that he entered the building. He asserts that although the padlock was broken off the garage door, he was found outside the building. In *Griffin v. State*, 815 S.W.2d 576, 579 (Tex.Crim.App.1991), the Court of Criminal Appeals discussed the "entry" requirement:

Case law and the definitions of entry show that entry has long meant an intrusion *into* the house or building. . . . .

. . . .

. . . . *There must be a "breaking of the close" to have entry* in the sense long established for burglary. The protection is to the interior or enclosed part of the described object, be it a house, a building or a vehicle.

(Emphasis added). In *Richardson v. State*, 888 S.W.2d 822, 823 (Tex.Crim.App. 1994), the Court further clarified the requirement:

Sections 30.02 (Burglary) and 30.04 (Burglary of Vehicles) criminalize an "entry" into a private area made with the requisite intent to commit a theft or a felony. In *Griffin*, [815 S.W.2d 576,] we noted that the "entry" requirement in the statutes is intended to protect "the interior or enclosed part of the described object, be it a house, a building or a vehicle." *Id.* at 579.

(Emphasis added).

█ As stated in *Richardson*, sections 30.02 and 30.04 do not criminalize the theft of an external part of a structure or a vehicle when accomplished without any physical entry into the protected area. 888 S.W.2d at 823–24. *See, e.g., Love v. State*, 744 S.W.2d 247 (Tex.App.—Houston [14th Dist.] 1987, pet. ref'd) (removal of wheel covers, absent proof of burglarious entry, does not constitute burglary of a vehicle). In the instant case, however, the broken door frame is "a portion of a building" as required under section 30.02, not a mere decoration or appendage. *See Griffin*, 815 S.W.2d at 579 (stealing a mailbox or a window shutter attached to the side of a house would not be entry so as to constitute burglary). Furthermore, the action of breaking the lock and door frame was the "breaking of the close" as required by *Griffin*.

█ When "entry" is alleged, it includes "breaking into". *See Landry v. State*, 653 S.W.2d 28, 29 (Tex.Crim.App.1983). Indeed, the very purpose of a locked door is to protect the interior contents of an enclosed area. The Court of Criminal Appeals has stated that the purpose of the burglary statutes is "to protect the sanctity of private areas, be they habitations, buildings not open to the public, or vehicles." *Richardson*, 888 S.W.2d at 824.

█ Williams correctly states that an appellant's mere presence at the scene of an offense is not sufficient to prove the appellant committed the offense charged. *See Burns v. State*, 676 S.W.2d 118, 120 (Tex.Crim.App.1984). However, "the complete rule is that while presence of an accused at the scene of an offense is not

**418**

alone sufficient to support a conviction, it is a circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant." *Beardsley v. State,* 738 S.W.2d 681, 685 (Tex.Crim.App.1987).

Williams additionally points out that there was no property missing, no stolen property in his possession, and no evidence of anything in the garage being disturbed. Section 30.02 does not require proof of a completed theft; all that needs to be shown is an *attempt* to commit a felony or theft. "When a burglary is committed, the harm results from the entry itself, because the intrusion violates the occupant's reasonable expectation of privacy." *Richardson,* 888 S.W.2d at 824. "Indeed, once unlawful entry is made, the crime is complete, regardless of whether the intended theft or felony is actually completed." *Id.* Thus, in the instant case, the evidence of the broken padlock and door frame establishes the completion of the crime.

Barney's testimony sufficiently establishes the elements of the offense of burglary of a building. Although circumstantial, the following evidence logically justifies an inference that Williams committed the offense: Barney heard a noise (like someone kicking the garage door) and within minutes witnessed Williams two feet away from the door of the garage; it was midnight; the padlock and door frame of the garage door had been forced open; the car door had been found open; and Williams stated to Barney he was there looking for a lawnmower. Viewing this evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Williams' sole issue is overruled, and the judgment of the trial court is affirmed.

AFFIRMED.