TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00691-CR






Ruben Urrutia, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-05-256,, HONORABLE DONALD LEONARD, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N



 Appellant Robert Urrutia appeals his conviction for burglary of a habitation with
intent to commit an assault. See Tex. Pen. Code Ann. § 30.02(a)(1) (West 2003). After the jury
found appellant guilty, the trial court found that appellant had previously been convicted of a felony
as alleged and assessed punishment at thirty years' imprisonment. See Tex. Pen. Code Ann.
§ 12.42(3)(b) (West Supp. 2005). (1)


Points of Error


 Appellant advances three points of error. In the first two, he challenges the legal and
factual sufficiency of the evidence to show that entry into the habitation was made with the intent
to commit an assault. In the third point of error, appellant contends that the prior felony conviction
could not have been validly used to enhance punishment because the judgment in the prior
conviction did not assess punishment, which appellant refers to as a "sentence."


Background


 The record shows that appellant Urrutia and Rebecca Arroyo had lived together for
four years and had a three-year-old daughter. The record is not clear as to when or why they
separated, but on the date of offense they were living apart. Arroyo was staying with her aunt, Juana
Urrutia, the widow of appellant's brother. 

 On March 16, 2005, about 7 a.m., appellant telephoned Arroyo. They argued and
Arroyo "hung up" the telephone several times. At approximately 7:30 a.m., appellant arrived at the
home of Juana Urrutia. He appeared to have been drinking. Appellant wanted to take his three-year-old daughter to his dwelling for a visit. Arroyo refused, explaining that the child had been sick, and
the weather was cold and rainy. They argued and appellant pulled Arroyo's hair. Juana Urrutia was
awakened by the argument. She heard appellant complaining that Arroyo "always wants her way." 
Arroyo responded that appellant was "acting stupid." Juana spoke to both parties, and she agreed
that it was too cold and rainy to take the ill child out into the weather. She asked appellant to leave
her house. Appellant left saying that he would be back and would show them "how stupid he could
be." 

 Later in the morning, appellant returned to the house, knocked on the door and banged
on the windows. He did not come into the house. Arroyo made her first 911 telephone call at this
time. Officer Babiser responded to the call but appellant was no longer at the residence. The officer
unsuccessfully searched for appellant's pickup truck which had been described to him. Arroyo was
instructed to call 911 again if appellant returned to the residence. 

 Around 11:10 a.m. that morning, appellant returned to the house. Arroyo saw him
arrive and called 911. Appellant did not come to the open door of the residence, but took a lead pipe
from his pick-up truck and smashed the windows on Arroyo's car. Arroyo screamed at him as she
spoke with the 911 operator. Appellant walked toward the house, but turned, walked to his truck and
placed the lead pipe in the bed of the vehicle. Arroyo closed and locked the door. Instead of leaving,
appellant came to the doorway. Juana Urrutia raced with a chair to reinforce the front door. Before
she could get to the door, appellant kicked in the door, entered the residence and began arguing with
Arroyo. The argument was recorded on the 911 tape. Arroyo testified that appellant knocked the
phone out of her hand. Juana got between the yelling couple, trying to calm appellant. Arroyo stated
that appellant said that "he was tired of her" and "wasn't going to put up with her anymore." 

 Juana Urrutia testified that she did not know what appellant was going to do, but he
looked like he wanted to "grab" Arroyo. She related that appellant told Arroyo that she "was going
to get it," and made signs with his hands under his throat like a knife and other signs like shooting
a gun. Juana agreed that appellant did not push her out of the way or actually assault Arroyo. 
Arroyo said that appellant never laid his hands on her. 

 When the police officers arrived, appellant was standing in the doorway. He was
reluctant to leave but soon submitted to custody. The police took photographs of the broken door
frame and the shattered windows of the car, and recovered the lead pipe from appellant's truck. No
other weapons were found. 

 Appellant offered no evidence and rested with the State.


Legal Sufficiency


 In his first point of error, appellant challenges the legal sufficiency of the evidence
to sustain his conviction. In determining whether the evidence is legally sufficient to support a
judgment of conviction, we view the evidence in the light most favorable to the judgment, asking
whether any rational trier of fact could have found beyond a reasonable doubt all the essential
elements of the offense charged. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The evidence viewed in this light, and all reasonable
inferences drawn therefrom, are evaluated in this review. The reviewing court must consider all
evidence, rightly or wrongly admitted, which the trier of fact was permitted to consider. See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Thomas v. State, 753 S.W.2d 688,
695 (Tex. Crim. App. 1988); Garcia v. State, 919 S.W.2d 370, 378 (Tex. Crim. App. 1994); Barnes
v. State, 62 S.W.3d 288, 298 (Tex. App.--Austin 2001, pet. ref'd). The standard of review is the 
same for both direct and circumstantial evidence cases. Green v. State, 840 S.W.2d 394, 401 (Tex.
Crim. App. 1992). 

 The jury as the trier of fact is the judge of the credibility of the witnesses and the
weight to be given their testimony, and may accept or reject all or any part of any witness's
testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). The evidence is not
rendered insufficient because the defendant presented a different version of the events. Turro v.
State, 867 S.W.2d 43, 47-48 (Tex. Crim. App. 1993). 

 Appellant was charged under penal code section 30.02(a)(1). This statute provides:


A person commits an offense if, without the effective consent of the owner, the
person (1) enters a habitation, or a building (or any portion of a building not then
open to the public), with intent to commit a felony, theft, or an assault;



Tex. Pen. Code Ann. 30.02(a)(1) (West 2003). (2) The elements of the burglary offense alleged in this
case are: (1) entry into a habitation; (2) without the effective consent of the owner; and (3) with
intent to commit an assault. Appellant concedes the evidence is legally sufficient to support the first
two elements of the charged offense, but challenges the legal evidentiary sufficiency underlying the
third element -- "with intent to commit assault." 

 A person commits assault if he: 



(1) intentionally, knowingly, or recklessly causes bodily injury to another including
the person's spouse;


(2) intentionally or knowingly threatens another with imminent bodily injury,
including the person's spouse; or


(3) intentionally or knowingly causes physical contact with another when the person
knows or should reasonably believe that the other will regard the contact as
offensive or provocative. 



Tex. Pen. Code Ann. § 22.01 (West Supp. 2005). (3)


 Intent, as an essential element of burglary, must be proved by the State beyond a
reasonable doubt and may not be left simply to speculation and surmise. See McGee v. State, 923
S.W.2d 605, 608 (Tex. App.--Houston [1st Dist.] 1995, no pet.). The gist of burglary is entry with
the requisite intent. Alexander v. State, 873 S.W.2d 793, 795 (Tex. App.--Beaumont 1994, pet.
ref'd). Intent to commit a felony, theft, or an assault must exist at the time of the entry or there is
no offense under section 30.02(a)(1). See DeVaughn v. State, 749 S.W.2d 62, 65 (Tex. Crim. App.
1988); In Re J.L.H., 58 S.W.3d 242, 249 (Tex. App.--El Paso 2001, no pet.); Moore v. State, 54
S.W.3d 529, 539 (Tex. App.--Fort Worth 2001, pet. ref'd); see also LaPoint v. State, 750 S.W.2d
180, 182 (Tex. Crim. App. 1986). Once the unlawful entry is made with the requisite intent, the
crime is completed regardless of whether the intended felony theft, or an assault is attempted or
occurs. Jacob v. State, 892 S.W.2d 905, 909 (Tex. Crim. App. 1995); Ford v. State, 632 S.W.2d
151, 153 (Tex. Crim. App. 1982); Moore, 54 S.W.3d at 538; Williams v. State, 997 S.W.2d 415, 418
(Tex. App.--Beaumont 1999, no pet.); Rodriguez v. State, 793 S.W.2d 744, 745 (Tex. App.--San
Antonio 1990, no pet.). 

 The jury is exclusively empowered to determine the issue of intent in a burglary trial. 
McGee, 923 S.W.2d at 608. Thus, intent as alleged is a fact issue for the jury. Moore, 54 S.W.3d
at 539. Proof of a culpable mental state generally relies upon circumstantial evidence. Dillon v.
State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Since mental culpability is of such a nature that
it must be inferred from circumstances under which the prohibited act occurred, the trier of fact may
infer intent from any facts in evidence which tend to prove the existence of such intent. Skillern v.
State, 890 S.W.2d 849, 880 (Tex. App.--Austin 1994, pet. ref'd). In fact, the jury may infer intent
from the acts, words, and conduct of the accused, Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim.
App. 1985); Moore, 54 S.W.3d at 539, and all circumstances surrounding the acts and conduct
engaged in by the accused. See Panamore v. State, 853 S.W.2d 741, 745 (Tex. App.--Corpus
Christi 1993, pet. ref'd). The fact of breaking and entering a habitation or building is always strong
evidence of some bad or evil intent in a prosecution for burglary. See Perkins v. State, 489 S.W.2d
917, 919 (Tex. Crim. App. 1973); Greer v. State, 437 S.W.2d 558, 560 (Tex. Crim. App. 1969). 

 Appellant stresses that the evidence shows that he committed no assault after he broke
and entered the home of Juana Urrutia. As earlier observed, the actual commission of an assault is
not a prerequisite to the commission of a burglary as alleged here. Jacob, 892 S.W.2d at 909;
Moore, 54 S.W.2d at 538; Gutierrez v. State, 666 S.W.2d 248, 250 (Tex. App.--Dallas 1984, pet.
ref'd). The State was not required to prove the elements of an assault offense under section 22.01
of the penal code. 

 The evidence shows that appellant argued with Rebecca Arroyo over the telephone
on the morning in question. Shortly after that he appeared at Juana Urrutia's home and continued
his argument with Arroyo and pulled her hair. Although the argument centered on Arroyo's refusal
to let appellant take their sick daughter for a visit, the argument appeared broader. Juana Urrutia told
appellant to leave her home. Later in the morning, appellant returned, knocked on the door and
"banged" on the window causing Arroyo to call 911. Still later that morning, appellant made another
visit to the Urrutia home. This time he brought a lead pipe and broke out the windows in Arroyo's
car. Appellant then kicked in the locked door of the Urrutia's house while Arroyo was again calling
911. The telephone was knocked from Arroyo's hand, although she may have "hung up" before he
did so. Appellant accosted Arroyo and Juana Urrutia stepped between them. She related that
appellant appeared to grab for Arroyo and made hand signs indicating a knife cutting a throat and
then shooting a gun. Juana reported that appellant told Arroyo that he was going to get Arroyo. 
There was also testimony appellant told Arroyo that he was "tired of her" and "was not going to put
up with her anymore."

 Appellant offered no evidence, but argues that he had not assaulted anyone, and that
at the time he had no weapons on his person. It is the exclusive provence of the jury to reconcile any
conflict in the evidence. Westbrook v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). 

 We conclude, viewing the evidence in the light most favorable to the jury's verdict,
that any rational trier of fact could have found beyond a reasonable doubt all the essential elements
of the burglary charged including the element of "with intent to commit an assault." (4)


Factual Sufficiency


 For the same reasons articulated above, appellant contends that the evidence is
factually insufficient to support the jury's verdict. A factual sufficiency review begins with the
presumption that the evidence supporting the conviction was legally sufficient. See Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996). To determine if the evidence is factually sufficient,
we must review the evidence in a neutral light and resolve whether evidence supporting guilt is so
weak that the verdict is clearly wrong and manifestly unjust or whether the evidence contrary to the
verdict is so strong that the burden of proof has not been met. Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004). In applying this test, we consider all the evidence, rightly or wrongly
admitted. Camarillo v. State, 82 S.W.3d 529, 537 (Tex. App.--Austin 2002, no pet.). Appellate
courts should be on guard not to substitute their own judgments in these matters for that of the trier
of fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997), but a reviewing court may
disagree with the result to prevent a manifest injustice. Johnson v. State, 23 S.W.2d 1, 9 (Tex. Crim.
App. 2000). 

 Without reiterating the evidence and applying the Zuniga holding, we find no merit
in appellant's claim of factual insufficiency concerning the intent to commit an assault. Giving the
jury's verdict its due deference, and viewed in a neutral light, the proof of guilt is not weak and the
verdict is not unjust, nor is the evidence contrary to the verdict so strong as to prevent the application
of the proper burden of proof. Zuniga, 144 S.W.3d at 484. The second point of error is overruled. 

 In his third point of error, appellant contends that the "evidence is insufficient [at the
penalty stage of the trial] to prove an enhancement count[ (5)] because the certified original of the
judgment lacked a sentence and called into question documents from T.D.C.J. [Texas Department
of Criminal Justice] which showed that 'sentence' was later written in by someone other than the
trial judge." Appellant apparently uses "sentence" as synonymous with assessment of penalty or
punishment itself. 

 The State responds that there was no trial objection by appellant and any error was
waived for the purposes of appeal. Ibarra v. State, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999). 
A claim regarding the sufficiency of the evidence need not be preserved for review at the trial level
and is not waived by the failure to do so. Rankin v. State, 46 S.W.2d 899, 901 (Tex. Crim. App.
2001); Proctor v. State, 967 S.W.2d 840, 842 (Tex. Crim. App. 1998). Appellant's challenge to the
legal sufficiency of the evidence regarding the prior conviction used for enhancement is properly
before us for review. 

 The burglary indictment alleged three prior felony convictions for enhancement of
punishment. Enhancement paragraph I alleged two prior convictions, which occurred on the same
date (January 22, 1987), only one of which could be used to establish a habitual criminal status
because of the sequential requirements of section 12.42(d). Tex. Pen. Code Ann. 12.42(d) (West
Supp. 2005). The first of these two prior convictions was for the felony offense of aggravated assault
in cause no. CR-86-310 in the 22nd Judicial District Court of Hays County. The second prior felony
conviction alleged in the same paragraph was for possession of a prohibited weapon in cause no. CR-86-317 in the 22nd Judicial District Court of Hays County. (6)

 Enhancement paragraph II of the indictment alleged a prior felony conviction for
delivery of a controlled substance occurring on October 21, 1988, in cause no. 89-06-0889 in the
District Court of Guadalupe County. The enhancement allegations made clear that the State sought
to punish appellant as a habitual criminal. 

 At the penalty stage of the trial, appellant entered a plea of "not true" to the
enhancement allegations. The State was unable to prove the prior conviction alleged in enhancement
paragraph II. The fingerprint expert was unable to match appellant's known fingerprints with those
in the pen packet relating to that conviction. Further, because of some apparent problems with
documents, the trial court declined to assess a habitual criminal penalty based "on that kind of
messed-up deal." 

 The State offered the certified pen packet pertaining to both convictions alleged in
enhancement paragraph I, evidence of matching fingerprints, and the certified judgments of
conviction from the district clerk of Hays County, in order to prove the validity of the convictions. 
Two prior misdemeanor convictions were also shown as a part of appellant's criminal record. 

 At the conclusion of the penalty stage, the trial court announced that the punishment
would be enhanced "from the second degree to a first degree" and fixed the penalty at thirty years'
imprisonment. See Tex. Pen. Code Ann. § 12.42(3)(b) (West Supp. 2005). (7)

 It is obvious that the trial court used only one of the prior convictions alleged in
enhancement paragraph I, but it did not designate which one. The parties did not seek clarification. 
The recital in the judgment simply reflects that the trial court found as "true" the allegations of
enhancement paragraph I, which contained allegations as to two prior convictions. The judgment
did not rectify the confusion. 

 Appellant in his evidentiary challenge takes no note of this situation, but claims that
the prior conviction (unidentified) used for enhancement was not properly proven. Normally, it
would matter as to which prior conviction was used. Here, however, the evidence relating to both
convictions suffer from the same imperfections claimed by appellant. We shall assume for our
disposition of this cause that the trial court utilized the first prior conviction alleged for aggravated
assault. 

 The State has the burden of proof beyond a reasonable doubt to establish prior
convictions alleged for enhancement of punishment. Sanders v. State, 69 S.W.3d 690, 693 (Tex.
App.--Texarkana 2002, pet. dism'd, untimely filed); Williams v. State, 899 S.W.2d 13, 14 (Tex.
App.--San Antonio 1995, no pet.) (citing Ex parte Augusta, 639 S.W.2d 481 (Tex. Crim. App.
1981)). This burden includes demonstrating that any prior conviction is final. Jordan v. State, 36
S.W.3d 871, 873 (Tex. Crim. App. 2001). 

 We shall examine the evidence at the penalty stage of the trial. As noted, the State
introduced the pen packet (State's exhibit 7) relating to both prior convictions alleged in
enhancement paragraph I. The pen packet contained certified copies of the judgments in each
conviction reflecting concurrent sentences of two years' imprisonment in each case. These
judgments also reflected that punishment was assessed in each case in accordance with a plea bargain
agreement. The pen packet regarding these 1987 convictions included appellant's inmate number,
his photograph and a copy of his fingerprints taken at the prison system. These fingerprints were
matched with his known fingerprints. The State also introduced copies of the same judgments
certified by the district clerk of Hays County (State's exhibits 21 and 22). These exhibits also
included a commitment order in each case reflecting appellant was imprisoned in the Texas
Department of Corrections "for a term of (2) two to run concurrently" with the other numbered
cause. The word "years" is missing in the commitment orders. In State's exhibit 21 relating to the
prior conviction for aggravated assault (cause no. CR-86-310) there is a certified copy of a written
plea bargain agreement "for 2 years" "to run concurrently with CR-86-317" signed by appellant and
his trial counsel. 

 From this evidence, appellant argues there is a question as to the punishment assessed. 
Appellant urges that the copies of the judgments certified by the district clerk fail to reflect that any
punishment was assessed in either case. The form of judgment used in each case required certain
recitals to precede the body of the judgment itself. In the judgment form used, the recitals were to
be entered in certain designated brackets such as "Date of Judgment," "Judge Presiding," "Plea," etc. 
In the bracket designated "Punishment and Place of Confinement" in each judgment, the typed
phrase "Texas Dept. of Corrections" appears without any indication of the term assessed. The body
of each judgment which should control furnishes no aid. They merely reflect "and the defendant is
punished in accordance with the terms set forth above." (8)

 Appellant acknowledges that the certified copies of the judgments in the pen packet
(State's exhibit 17) contain in the recitals and in the appropriate bracket for punishment the
handwritten "2 years T.W." Appellant claims this interlineation in ink is in conflict with the copies
of same judgment certified by the district clerk which in the appropriate brackets do not assess a
punishment. Appellant contends that the record does not show who "T.W." was, but it was not the
trial judge. (9) He urges that if the regularity of the judgments was established by the introduction of
the pen packet, the State unraveled the presumption of regularity by its introduction of other copies
of the judgments certified by the district clerk. Appellant concedes that the commitments in
evidence purport to show a term of two year's confinement in each case, and that a commitment may
be evidence of a "sentence" because it is generally presumed that a commitment is based on a proper
judgment. See Lambert v. State, 779 S.W.2d 512, 513 (Tex. App.--Austin 1989, no pet.). But
appellant urges that this presumption only arises in the absence of a showing to the contrary. Id. 
Appellant urges that the contrary has been shown here. We observe that there was no objection to
the admissibility of any of the evidence on the grounds now urged. There is only appellant's
challenge to the sufficiency of the evidence to prove the prior felony convictions, or at least one of
them. 

 The standard of review for legal sufficiency challenges at the punishment stage is the
same as discussed in the first point of error, except that here the trial court was the judge of the
credibility of the witnesses and the weight to be given the evidence. See Sharp, 707 S.W.2d at 614. 
The trial court may accept or reject any of the evidence presented, and may resolve, as the trier of
fact, all conflicts in the evidence. See Miranda v. State, 813 S.W.2d 724, 733-34 (Tex. App.--San
Antonio 1991, pet. ref'd). Moreover, this Court must consider all evidence admitted which the trier
of fact was permitted to consider. Dewberry, 4 S.W.3d at 740. 

 In viewing all the evidence at the penalty stage of the trial in the light most favorable
to the judgment in the instant case, we conclude that any rational trier of fact could have found
beyond a reasonable doubt that the prior felony conviction for aggravated assault alleged for
enhancement of punishment was a final conviction assessing two (2) years' imprisonment as the
penalty. (10)

 Despite the stated point of error, some of appellant's argument attempts to make a
collateral attack upon the two prior felony convictions discussed as being void because of the
discrepancies in the exhibits. A prior conviction that is alleged in a later offense for enhancement
of punishment may be attacked if it is void or if it is tainted by a constitutional defect. Galloway v.
State, 578 S.W.2d 142, 143 (Tex. Crim App. 1978); Wilson v. State, 44 S.W.3d 602, 605 (Tex.
App.--Fort Worth 2001, pet. ref'd). An appellant who poses a collateral attack on an agreed prior
conviction has the burden to show that the prior conviction is void and not merely voidable. See
Preston v. State, 667 S.W.2d 331, 333-34 (Tex. App.--Corpus Christi 1984, no pet.) (citing Ex parte
Guzman, 589 S.W.2d 461 (Tex. Crim. App. 1979)). An error in the judgment or sentence which is
subject to reformation does not render the prior conviction alleged void, and it is not susceptible to
collateral attack and will not vitiate the use of the conviction for enhancement purposes. Preston,
667 S.W.2d at 333-34; see also Barnes v. State, 635 S.W.2d 139, 142 (Tex. App.--Houston [1st
Dist.] 1982, no pet.) (citing Bowles v. State, 550 S.W.2d 84, 87 (Tex. Crim. App. 1977). Thus,
infirmities in a prior conviction, such as insufficiency of the evidence or irregularities in the
judgment and sentence, may not be raised by collateral attack. See Galloway, 578 S.W.2d at 143. Appellant's reliance upon McGinnis v. State, 746 S.W.2d 479 (Tex. Crim. App.
1988), is misplaced. McGinnis is distinguishable on the facts and the law. The prosecution in
McGinnis was under a former version of section 31.03 of the penal code providing that theft is a
felony of the third degree if the value of the property is less than $750 and the accused has been
previously convicted two or more times of any grade of theft. (11) The prior misdemeanor theft
convictions alleged in McGinnis were jurisdictional elements of the third degree felony, and were
not allegations for enhancement of punishment. See Lackey v. State, 881 S.W.2d 412, 418 (Tex.
App.--Dallas 1994, pet. ref'd) (citing Gant v. State, 606 S.W.2d 867, 869 n.2, 871 n.9 (Tex. Crim.
App. 1980)). In McGinnis, the State, in attempting to prove the two prior misdemeanor theft
convictions for jurisdictional purposes, offered certified copies of the judgment and sentence in one
of the convictions, making a prima facie showing of the validity of the conviction. This showing
was undone by the State's introduction of a certified copy of the information underlying the prior
conviction which was essentially blank in pertinent parts. The McGinnis court held that the State
failed to sustain its burden of proof as to the third degree felony before the court on appeal. Id. 746
S.W.2d 482. The third point of error is overruled. 

 All of appellant's contentions having been overruled, the judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Puryear and Onion*

Affirmed

Filed: June 16, 2006

Do Not Publish
















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1.   The enhancement of punishment raised the offense alleged from a second degree felony
to a first degree felony for the purpose of punishment. The current code is cited for convenience. 

2.   In 1999 "or an assault" was added to section 30.02(a)(1). See Act of May 26, 1999, 76th
Leg., R.S., ch. 727, § 1, 1999 Tex. Gen. Laws 3336. Formerly, the statute only referred to "with
intent to commit a felony or theft." See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993
Tex. Gen. Laws 3586, 3633. 
3.   The current code is cited for convenience. Appellant informs us that the third manner of
committing an assault was omitted from the jury charge by agreement of the parties. 
4.   In Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000), the court held that in
a sufficiency review, the jury's inference of intent is afforded more deference than the evidence
supporting proof of conduct. 
5.   Allegations of prior convictions for the enhancement of punishment are not separate
"counts." A "count" is an allegation charging a distinct offense. Square v. State, 167 S.W.2d 192,
193-94 (Tex. Crim. App. 1942); see also Tomlin v. State, 722 S.W.2d 702, 706-07 (Tex. Crim. App.
1987) (concurring op.); Branch v. State, 445 S.W.2d 756, 760 (Tex. Crim. App. 1969); Steward v.
State, 422 S.W.2d 733, 735 n.1 (Tex. Crim. App. 1968); Beck v. State, 420 S.W.2d 725, 727 n.1
(Tex. Crim. App. 1967); Pitts v. State, 742 S.W.2d 420, 422 n.1 (Tex. App.--Dallas 1987, no pet.). 

6.   It would have been better practice to have alleged each prior conviction in a separate
enhancement paragraph of the indictment, even if one conviction is alleged as a spare in the event
of the failure of proof of the other conviction or convictions. 
7.   This statute provides: "If it be shown on the trial of a second degree felony that the
defendant has been once before convicted of a felony, on conviction he shall be punished for a first
degree felony." The prior conviction must be a "final" one. See Jordan v. State, 36 S.W.3d 871, 873
(Tex. Crim. App. 2001). 
8.   The body of each judgment contains other references such as "on this day set forth above," 
"defendant appeared with above named attorney," "was arraigned on the offense shown above, and
entered a plea as shown above," and "the defendant is found guilty of the offense as set forth above,
and which offense was committed on the date shown above." The body of these judgments do not
themselves set out the requisites of a judgment. See Tex. Code Crim. Proc. Ann. art. 42.01 (West
Supp. 2005). All reliance is on the preliminary recitals, like all eggs in one basket. The form of the
body of a judgment as used here becomes a "rubber stamp" available for use in any case and under
any circumstances. 
9.   No one advances the thought that "T.W." was an attempt to write the word "two." 
10.   Although not evidence, we observe that appellant's trial counsel told the trial court in
argument at the conclusion of the penalty stage that both prior felony conviction sentences "are for
two years, the minimum punishment that was applicable in there." The prosecutor likewise told the
trial court in argument that "he [appellant] got two years in that case" (the prior aggravated assault
conviction). 
11.   See Act of May 29, 1983, 68th Leg., R.S. ch. 558, 1983 Tex. Gen. Laws 3237, 3244, since
amended. The current code provides for a similar offense as a state jail felony. See Tex. Pen. Code
Ann. § 31.03(e)(4)(D) (West Supp. 2005).